## ROGERS & GRACIE *against* CHAPMAN.

On setting      THE defendant, a trader in the city of New York, but
aside a pro-  who lodged at Brooklyn, having put in special bail, the
ceeding in
good faith, for plaintiffs took judgment against him for $2574 91, which
irregularity,
where an ac-  they assigned to Dyett, whose attorney, supposing the step
tion will, in regular, isued a *ca. sa.* No *fi. fa.* had previously been
consequence,
technically lie, issued; and it was agreed on both sides, that the *ca. sa.* was
but apparently irregular, within the statute, (1 R. L. 502.) The defendant
with only
nominal dam- had been arrested at Brooklyn, and imprisoned upon the
ages, the court
will require *ca. sa.* in the common jail of Kings county; shortly after
the party mov- which, and immediately on discovering the irregularity, the
ing to stipulate
not to bring plaintiffs' attorney offered the defendant's counsel to dis-
the action.
Otherwise,    charge him, on his stipulating not to bring an action
where circum- for the imprisonment. The stipulation was declined;
stances appear,
calling for and
greater dam-
ages:
As where an    *J. V. Henry*, for the defendant, now moved that he be
irregular *ca.*
*sa.* is executed discharged unconditionally.
oppressively.
                He read an affidavit, by which it appeared that at about
7 P. M. the defendant, having left his counting-house in the
city, and proceeded to the house where he lodged at Brook-
lyn, was there, a little before 9 o'clock, arrested on the *ca.
sa.* by a deputy sheriff, who proclaimed the arrest in pre-
sence of a number of persons present. He told the deputy
he had no friends in Brooklyn, who would be bail for the
jail liberties; but had such friends in the city; and re-
quested time to send for them; offering, that if the deputy
would wait for this purpose, he would compensate him for

his trouble. The deputy refused to wait till morning, though the gentleman of the house offered him lodgings *gratis; and declined taking the defendant to his, (the deputy's own house,) though the defendant proposed to go there; and that the deputy should take certain proposed measures for his security till morning, the expense of which he would defray. This being refused, he was taken by the deputy 4 1-2 miles to the jail in Flatbush; where he was confined in a small room with ten prisoners, nothing being offered him but a blanket to sleep upon. The weather during the night was cold; and there were several circumstances very disgusting and offensive. It was nearly 5 P. M. of the next day before he obtained the liberty of the jail limits; which was on giving, as bail, two resident citizens of the city of New York.

*H. W. Warner*, contra, read affidavits of Dyett and his attorney, and of Dyett's agent who caused the *ca. sa.* to be issued and delivered to the deputy, denying all concern in the manner of the defendant's treatment. He insisted that the parties concerned having acted in good faith, the defendant should stipulate not to bring any action for the imprisonment.

*Curia.* That is true of a case where it is apparent that nominal damages alone would be given. But the proceedings in this case were unusually severe; and the defendant may satisfy a jury that they were dictated either by the assignee or some agent. The deputy makes no affidavit explanatory of his conduct. We think the defendant should be left to his remedy by action.

Motion granted.